```
                IN THE UNITED STATES DISTRICT COURT FOR
               THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                   *
TRUSTEES OF THE LOCAL 24           *
PENSION                            *
                                   *
and                                *
                                   *
TRUSTEES OF THE LOCAL              *
APPRENTICESHIP                     *
FUNDS                              *
                                   *
     Plaintiffs,                   *
v.                                 *    CIVIL NO.: WDQ-04-291

GAMBLE INSULATION COMPANY          *
INC.,                              *
                                   *
and                                *
                                   *
TONY L. GAMBLE                     *
                                   *
     Defendants.                   *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Trustees of the Local 24 Pension and Apprenticeship Funds have sued Gamble Insulation Company, Inc. and Tony L. Gamble for violations of the Employee Retirement Income Security Act of 1974[1] and the Labor-Management Relations Act[2].

In its 3/31/04 and 12/1/04, pre-trial scheduling Orders,

---

[1] 29 U.S.C. §§ 1001 *et seq*. (2004).

[2] 29 U.S.C. §§ 141 *et seq*. (2004).

1

the Court set the following schedule: all dispositive motions were due on March 4, 2005 and all third party complaints were due on May 15, 2004.  *See* Scheduling Orders 3/31/04 and 12/1/04.  Pending are the Plaintiffs' motion for leave to file a motion for summary judgment and the Defendants' motion for leave to file a third party complaint.

For the following reasons, the Plaintiffs' motion for leave to file a motion for summary judgment will be granted, and the Defendants' motion for leave to file a third party complaint will be denied.

ANALYSIS

I.   Motion for Leave to File Summary Judgment Motion

The Defendants contend that the Court should deny the Plaintiffs' motion for summary judgment because the motion is untimely.  The Court, however, may modify pre-trial procedural deadlines to serve the best interests of justice.  *See Gomez v. Trustees of Harvard University*, 676 F. Supp. 13, 15 (D.D.C. 1987) (*citing Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Summary judgment is favored as a mechanism to secure the "just, speedy, and inexpensive determination of a case, *see* F.R.C.P. 1, when its proper use can avoid the cost of trial." *Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).  Moreover, Rule 56 only prohibits a party from filing a summary judgment motion within twenty days of the filing of the complaint, but a party is allowed to file a summary judgment motion

2

any time thereafter.  *See* F.R.C.P. 56(a).

The case is scheduled for trial on January 17, 2006.  As the Court may avoid the expense and time of a trial, the Plaintiffs' motion for leave to file a summary judgment motion will be granted.

II.   Motion for Leave to File Third Party Complaint

The Defendants seek leave to file a third party complaint against International Association of Heat and Frost Insulators and Asbestos Workers Local 24 (the "Union") and Alan Stortzum.  Specifically, the Defendants maintain that they are not liable for contributions due under the pension plans based upon fraud committed by Stortzum, the Union's president.  They contend that their motion should be granted in the interest of justice and efficiency.

Motions for leave to file a third party complaint are generally favored because they promote efficiency by trying related claims together.  *See Hicks v. Long Island Railroad*, 165 F.R.D. 377, 379 (1996).  A motion for leave to file a third party complaint should be granted unless undue delay or complication of the trial would result.  *See DTM Research, L.L.C. v. AT&T Corp.*, Civ. No. PJM 96-1852, 1998 U.S. Dist. LEXIS 5451, at *4 (D.Md. Apr. 9, 1998).

The Defendants filed this motion a year after the deadline.  As a result, discovery has ended, a trial date has been set, and with the exception of the Plaintiffs' pending summary

3

judgment motion, the filing of dispositive motions has ceased. Moreover, this case is scheduled for trial, approximately two years after commencement of the suit and three years after the alleged events occurred.  As the Union and Stortzum may seek additional discovery and an opportunity to file dispositive motions, a significant delay will likely occur.  *See Hicks v. Long Island Railroad*, 165 F.R.D. at 379 (disallowing impleader where discovery was substantially completed in the underlying case, which was already fifteen months old); *In re Agent "Orange Product" Liability Litigation*, 100 F.R.D. 778, 781 (E.D.N.Y. 1984) (allowing impleader would likely engender additional discovery, "adding the cost of all present parties and frustrating their reasonable expectations of prompt dispositions"); *Handlos v. Litton Industries, Inc.*, 51 F.R.D. 300 (E.D. Wis. 1970) (refusing to allow impleader where trial would already not occur until two and a half years after commencement of suit and underlying events were already more than three years old).

Furthermore, the Defendants have not articulated a good reason for the untimeliness of their motion. The Defendants allege that their untimely motion is in response to new defenses raised by the Plaintiffs in the pre-trial order. This argument, however, is unpersuasive.  The Plaintiffs do not raise any "defenses," they simply provide legal support for challenging the Defendants' fraud claims.  *See* Pre-Trial Order 5/5/2005.   If the Defendants were diligent, they would have anticipated a challenge to their defense

over a year ago.

The Defendants, however, are not without a remedy. If found liable, they could pursue an indemnification claim against the Union and Stortzum. *Hicks*, 165 F.R.D. at 380 (finding that defendant was not prejudiced by denial of third party complaint because it could seek indemnification in separate action). Accordingly, the Defendants' motion for leave to file a third party complaint will be denied.

CONCLUSION

For the reasons discussed above, the Plaintiffs' motion for leave to file a summary judgment motion will be granted and the Defendants' motion for leave to file a third party complaint will be denied.

August 23, 2005                                  /s/
Date                                        William D. Quarles, Jr.
                                            United States District Judge

5